UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHNNY D. ORUM,

    Plaintiff,

v.                                         Case No. 2:16-CV-109

MICHIGAN DEPARTMENT OF              HON. GORDON J. QUIST
CORRECTIONS, et al.,

    Defendants.
_____/

## ORDER ADOPTING IN PART AND REJECTING IN PART
## REPORT AND RECOMMENDATION

Plaintiff, Johnny D. Orum, a state prisoner at a Michigan Department of Corrections (MDOC) facility, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), the First Amendment (free exercise and retaliation claims), the Eighth Amendment, and the Fourteenth Amendment (equal protection and due process claims). Plaintiff's claims center around his allegations that he is Jewish but was denied a diet that conformed to his religious beliefs and was retaliated against for writing grievances related to the denial of a religious diet.

On initial screening, the Court dismissed Plaintiff's Eighth Amendment claim, as well as all claims against five Defendants. The Court determined that Plaintiff's First Amendment free exercise and retaliation claims, Fourteenth Amendment equal protection and due process claims, and RLUIPA claims could proceed against Defendants Leach, Woods, Rink, Derry, Metro, Osborn, and Bergeron relating to Plaintiff's right to a religious diet. The Court also allowed

Plaintiff's retaliation claims against Defendants Osborn and Perry to proceed regarding the loss of his prison job. (ECF No. 18.)

The remaining Defendants have moved for summary judgment on Plaintiff's claims. (ECF No. 126.) Plaintiff has requested a preliminary injunction and a temporary restraining order. (ECF Nos. 133, 147.) Plaintiff has also moved to strike portions of Defendants' summary judgment brief. (ECF No. 149.) Magistrate Judge Timothy Greeley submitted a Report and Recommendation (R & R) recommending that Defendants' motion for summary judgment be granted in part—dismissing Plaintiff's due process claims—but otherwise denied. Judge Greeley further recommends that the Court deny Plaintiff's requests for injunctive relief and his motion to strike. (ECF No. 155.)

Plaintiff has filed objections to the R & R. (ECF No. 156.) Upon receiving objections to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part and rejected in part. The Court will grant Defendants' motion for summary judgment with respect to Plaintiff's due process, free exercise, and equal protection claims. The Court will dismiss Plaintiff's retaliation claims against Defendants Leach, Woods, Rink, Derry, and Metro. Plaintiff's RLUIPA claims against all Defendants except Defendant Perry will proceed past summary judgment. Plaintiff's retaliation claims against Defendants Osborn, Bergeron, and Perry will likewise proceed past summary judgment. The Court will deny Plaintiff's requests for injunctive relief and motion to

strike. The R & R provides detailed factual background, which the Court will not repeat here, other than to explain its rulings on the individual claims.

## I. RLUIPA

The RLUIPA statute states in relevant part:

No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—

**(1)** is in furtherance of a compelling governmental interest; and

**(2)** is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). The term "'religious exercise' includes any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Id*. § 2000cc-5(7). "While this definition of religious exercise is broad, it does require that Plaintiff's religious beliefs be 'sincerely held.'" *Porter v. Caruso*, 479 F. Supp. 2d 687, 697 (W.D. Mich. 2007).

Plaintiff claims that it is part of his Jewish faith that he must eat fish or meat on the Sabbath and must eat meat for Jewish holidays. In support of his claim, Plaintiff submits a text on Jewish law which states that it is mitzvah (a commandment) to eat fish for each of the Sabbath meals. (ECF No. 150-4.) While in the same text it says that it is "not necessary" to eat fish with each Sabbath meal (*id*.), Plaintiff also submits a declaration professing that it is his sincerely held belief that he must eat meat and the declaration of a fellow Jewish prisoner who professes to hold the same belief.[1] (ECF Nos. 150-1, 150-6.) Thus, Plaintiff has submitted the direct evidence

---

[1] Defendants maintain that the Jewish faith allows the consumption of Kosher meat and dairy but does not mandate it. While that may be true, at this stage of litigation, the Court must accept Plaintiff's statements in his declaration regarding his sincerely held beliefs. Defendants, however, are free to refer to Jewish tenets at trial because "although sincerity rather than orthodoxy is the touchstone, a prison still is entitled to give *some* consideration to an organization's tenets. For the more a person's professed beliefs differ from the orthodox beliefs of his faith, the less likely they are to be sincerely held." *Haight v. Thompson*, 763 F.3d 554, 567 (6th Cir. 2014) (internal quotation marks omitted).

3

necessary to survive summary judgment on his RLUIPA claims. Fed. R. Civ. P. 56(a), (c); *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (stating that "any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true").

## II. First Amendment Free Exercise Clause

Plaintiff alleges that Defendants violated the Free Exercise Clause of the First Amendment by denying him meat or fish on the Sabbath and meat on Jewish holidays. However, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982).

In assessing qualified immunity, the Court must determine (1) whether a constitutional right was violated if Plaintiff's allegations are established; (2) whether the right was clearly established; and (3) whether the evidence Plaintiff offers indicates that what the official allegedly did was objectively unreasonable in light of clearly established constitutional rights. *Drogosch v. Metcalf*, 557 F.3d 372, 377–78 (6th Cir. 2009). "A right is 'clearly established' for qualified immunity purposes if 'it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Humphrey v. Mabry*, 482 F.3d 840, 847 (6th Cir. 2007) (quoting *Saucier v. Katz*, 533 U.S. 194, 202, 121 S. Ct. 2151, 2156 (2001)). The inquiry whether the right was clearly established "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier*, 533 U.S. at 201, 121 S. Ct. at 2156; *see also Plumhoff v. Rickard*, 572 U.S. 765, 779, 134 S. Ct. 2012, 2023 (2014) (directing courts "not to define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced") (internal quotation

marks and citations omitted). Thus, the doctrine of qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Humphrey*, 482 F.3d at 847 (internal quotation marks omitted).

Here, Plaintiff's right to a religious meal that included meat or fish on the Sabbath and meat on Jewish holidays was far from clearly established. The Sixth Circuit has repeatedly held "that 'prison administrators must provide an adequate diet without violating the inmate's religious dietary restrictions.'" *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010) (quoting *Alexander v. Carrick,* 31 F. App'x 176, 179 (6th Cir. 2002)). "'If the prisoner's diet . . . is sufficient to sustain the prisoner in good health, no constitutional right has been violated.'" *Id*. Moreover, plaintiffs in a case before this Court in 2013 similarly challenged the constitutionality of the vegan diet for Jewish prisoners, quoting religious text to support their claim that they were required to eat meat and dairy in accordance with their religious beliefs. *McKenzie v. Michigan Dep't of Corr.*, No. 2:13-CV-291, 2013 WL 5963115, at \*1 (W.D. Mich. Nov. 8, 2013). Yet, this Court found that the plaintiffs failed to show that a Kosher vegan diet placed a substantial burden on their ability to practice their religion because the passages they quoted merely specified which animals and dairy could be consumed but did not require the consumption of meat and dairy. *Id*. at \*4. Consequently, at the level of specificity required of a qualified immunity analysis, it would not have been clear to a reasonable officer in 2013-2016, the time period encompassing Plaintiff's complaint, that a Kosher vegan diet violated Plaintiff's rights. Defendants are therefore entitled to qualified immunity.

### III. Fourteenth Amendment Equal Protection Clause

Plaintiff's claims under the Fourteenth Amendment are similarly based on Plaintiff's allegation that he was denied a religious menu that conformed with his religious beliefs. For the

same reasons that Defendants are entitled to qualified immunity on Plaintiff's First Amendment Free Exercise Clause claims, Defendants are likewise entitled to qualified immunity on Plaintiff's Fourteenth Amendment Equal Protection Clause claims.

## IV. Fourteenth Amendment Due Process Clause

Plaintiff has alleged due process violations against all Defendants except Perry. To the extent Plaintiff alleges substantive due process violations based on Defendants' denial of an alternative meal program, the magistrate judge was correct in concluding that Plaintiff cannot maintain such a claim because a particular amendment—the First Amendment—already applies to Plaintiff's claims.

Plaintiff also alleges a procedural due process claim based on his allegation that Defendants failed to follow proper procedures in adjudicating his NOIs and removing him from the religious meal program. To maintain a procedural due process claim, Plaintiff would have to show that he had a liberty or property interest and that he suffered an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995). First, Plaintiff has not established that he has a liberty or property interest in a specific kind of food. Second, as the magistrate judge correctly concluded, Plaintiff's removal from the religious meal program does not constitute an atypical or significant hardship, particularly in light of Plaintiff admitting to the behavior for which he received the NOIs (eating from the regular diet line and possessing non-Kosher food in his cell). Thus, Plaintiff's due process claims will be dismissed.

## V. First Amendment Retaliation

Plaintiff alleges that Defendants denied him the religious menu he requested and terminated his employment in retaliation for filing grievances. The magistrate judge correctly

noted in the R & R that Defendants did not fully develop their arguments rebutting Plaintiff's retaliation claims. That being said, though, the Court is required to dismiss prisoner actions brought under federal law if "at any time" the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 920 S. Ct. 594, 596 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). Applying these standards, the Court will dismiss Plaintiff's retaliation claims against Defendants Leach, Woods, Rink, Derry, and Metro for failure to state a claim upon which relief can be granted.

First, Plaintiff explicitly stated in his declaration submitted in response to Defendants' motion for summary judgment: "I never made a First Amendment retaliation claim against Leach or Woods in my complaint." (ECF No. 150-1 at PageID.1039.) Thus, the Court finds (and Plaintiff appears to agree) that Plaintiff's retaliation claims against Leach and Woods should be dismissed.

Next, Plaintiff has failed to allege active unconstitutional behavior committed by Defendants Rink, Derry, and Metro. The Sixth Circuit is clear that "liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon a mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (internal quotation marks omitted). More specifically, when a plaintiff's "only allegations against [defendants] involve their denial of his administrative grievances or their failure to remedy the alleged retaliatory behavior," defendants cannot be held liable under § 1983. *Id*.

Defendants Derry and Metro simply adjudicated Plaintiff guilty at administrative hearings when other officers had issued Plaintiff notices of intent (NOIs) for possession and consumption of non-Kosher foods in violation of policy. (ECF No. 150-1 at PageID.1041.) In fact, Plaintiff states that when Defendant Metro asked Plaintiff if the food items confiscated from his cell were non-Kosher and if he, in fact, possessed them, Plaintiff replied "yes." (ECF No. 1 at PageID.14.) In this Court's opinion, merely presiding over an administrative hearing is passive behavior similar to the denial of a grievance and cannot support liability under § 1983.

Similarly, Plaintiff's allegation of retaliation with respect to Defendant Rink is that "Rink [did] not plac[e] me back on the religious meal program and den[ied] me Kosher-for-Passover meals in 2016." (ECF No. 150-1 at PageID.1041-42.) The alleged retaliatory behavior in this case was that Defendants wrote NOIs against Plaintiff that led to him being removed from the religious meal program. The allegation against Rink is that he failed to reinstate Plaintiff to the religious meal program, *i.e.* failed to remedy the alleged retaliatory behavior. Therefore, Defendant Rink cannot be held liable under § 1983. *See Shehee*, 199 F.3d at 300.

## VI. Injunctive Relief

Plaintiff filed a motion for a preliminary injunction requesting that the Court order Defendant Leach to provide him with religious meals for the Jewish holiday of "Shovous" in May 2018. (ECF No. 133.) The magistrate judge correctly found that Plaintiff's motion is now moot.

Plaintiff also filed a motion for a temporary restraining order to enjoin Defendant Osborn and his co-workers from harassing and laughing at Plaintiff because he filed this lawsuit. (ECF No. 147.) The magistrate judge concluded that Plaintiff failed to set forth an actionable claim and that the motion was moot because Plaintiff was transferred to a new facility. (ECF No. 155 at PageID.1140.) While the Court recognizes Plaintiff's assertion in his objections to the R & R that

he still comes in contact with Defendant Osborn so his motion is not moot, the Court agrees with the magistrate judge that Plaintiff's claim is not actionable. Preliminary injunctive relief is only "appropriate to grant intermediate relief of the same character as that which may be granted finally," but is not appropriate to address "a matter lying wholly outside the issues in the suit." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220, 65 S. Ct. 1130, 1134 (1945). Here, Plaintiff seeks final injunctive relief ordering state officials to serve him Kosher meals that include meat or fish on the Sabbath and meat on Jewish holidays. The temporary injunctive relief Plaintiff seeks through his motion is of an entirely different character. Moreover, the Constitution prevents a prison guard from harassing or retaliating against a prisoner, so Plaintiff's request for a temporary restraining order is unnecessary.

## VII. Motion to Strike

Plaintiff filed a motion to strike his deposition transcript that was attached to Defendants' motion for summary judgment. However, like the magistrate judge, the Court did not use Plaintiff's deposition in issuing this opinion. Thus, Plaintiff's motion to strike (ECF No. 149) is denied as moot.

## VIII. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the December 11, 2018, Report and Recommendation (ECF No. 155) is **adopted in part** and **rejected in part**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 126) is **granted in part** and **denied in part**. Plaintiff's free exercise, equal protection, and due process claims against all Defendants are **dismissed with prejudice**. Plaintiff's retaliation claims

against Defendants Leach, Woods, Rink, Derry, and Metro are **dismissed with prejudice** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Preliminary Injunction (ECF No. 133) and Motion for a Temporary Restraining Order (ECF No. 147) are **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (ECF No. 149) is **denied.**

Dated: March 12, 2019 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE