UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHNNY D. ORUM #417988,

    Plaintiff,

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.
_____/

Case No. 2:16-cv-00109

Hon. Gordon J. Quist
U.S. District Judge

## REPORT AND RECOMMENDATION

On January 22, 2019, Plaintiff, Johnny D. Orum, filed a motion for a preliminary injunction. (ECF No. 159.) Defendants filed a response (ECF No. 161) and Plaintiff filed a declaration in support of his preliminary injunction motion. (ECF No. 164.) Plaintiff moves under Fed. R. Civ. P. 65 for a preliminary injunction directing Defendants to provide him meat with his Kosher Passover meals between April 19 and 28, 2019. Plaintiff is currently confined in the Carson City Correctional Facility.[1] This is Plaintiff's fourth motion requesting injunctive relief. The Court has denied the three prior motions.

---

[1] Plaintiff's complaint describes events which occurred at the Chippewa Correctional Facility (URF). Plaintiff was confined at URF at the time he filed this complaint.

## Procedural history

On May 9, 2016, Plaintiff filed this complaint against Defendants Michigan Department of Corrections (MDOC), MDOC Director Heidi Washington, MDOC Deputy Director Kenneth McKee, Special Activities Coordinator David Leach, Warden Jeffrey Woods, Chaplain David Rink, ARUS Arthur Derry, Prison Counselor Jennifer Metro, Classification Director T. Corey-Spiker, Corrections Officer Osborn, Corrections Officer Bergeron, Corrections Officer Perry, and Trinity Services Group Steward Sanderson.  Plaintiff alleged that Defendants violated his rights under the Religious Land Use and Institutionalized Persons Act, (RLUIPA), 42 U.S.C. § 2000cc-1 (2003), and the First and Fourteenth Amendments. Plaintiff complained that the universal vegan religious meal implemented by the MDOC in July of 2013, denied him meat during religious holidays.  Plaintiff alleged that he has filed many grievances regarding the denial of his request for religious meals and that Defendants have taken retaliatory actions against him. More Specifically, Plaintiff complained that Defendants Osborn and Bergeron retaliated against him for filing grievances by having Defendant Perry terminate Plaintiff from his job assignment.

On October 28, 2016, this Court issued an opinion dismissing Plaintiff's claims against Defendants MDOC, Washington, McKee, Corey-Spiker, and Sanderson. The Court, however, allowed Plaintiff's First Amendment free exercise and retaliation claims, Fourteenth Amendment equal protection and due process claims, and RLUIPA claims to proceed against Defendants Leach, Woods, Rink, Derry, Metro, Osborn, and Bergeron relating to Plaintiff's right to a religious diet.  In addition, the

Court allowed Plaintiff to proceed on his retaliation claim that Defendants Osborn and Perry removed him from his prison job. (ECF Nos. 17, 18.)

In February 2017, Plaintiff filed a motion for a preliminary injunction asking this Court to order Defendants to provide him with meat and fish with his Kosher meals. (ECF Nos. 35, 36.) The same month, Defendants filed a motion for partial summary judgment asserting that Defendant had not exhausted his administrative remedies against some of the Defendants. (ECF Nos. 39, 40.) On May 8, 2017, U.S. Magistrate Judge Timothy P. Greeley issued an R&R that addressed both of these motions. Judge Greeley recommended denial of both motions. (ECF No. 76.) This Court adopted the R&R on August 8, 2017. (ECF No. 100.)

In April 2018, the Defendants filed another motion for summary judgment. (ECF Nos. 126, 127.) The next month, Plaintiff filed another motion for a preliminary injunction, again asking the Court to order the Defendants to provide him with Kosher meat meals. (ECF No. 133.) On December 11, 2018, Magistrate Judge Greeley issued an R&R that addressed these motions and several others. (ECF No. 155.) The R&R recommended dismissal of Plaintiff's due process claims, denial of the summary judgment motion on Plaintiff's RLUIPA, First Amendment, and Fourteenth Amendment claims and denial of Plaintiff's requests for a preliminary injunction.

On March 12, 2019, this Court adopted in part and rejected in part the R&R. (ECF No. 168.) The Court dismissed Plaintiff's First Amendment free exercise and Fourteenth Amendment equal protection and due process claims. In addition, the

Court dismissed Plaintiff's First Amendment retaliation claims against Defendants Leach, Woods, Rink, Derry, and Metro, and denied Plaintiff's motion for a preliminary injunction and motion for a TRO.

Plaintiff's remaining claims are: (1) his RLUIPA claim against Defendants Leach, Woods, Rink, Derry, Metro, Osborn, and Bergeron, and (2) his First Amendment retaliation claim against Defendants Osborn, Bergeron, and Perry. (PageID.1230.)

The undersigned recommends that the Court deny Plaintiff's request for a preliminary injunction because Plaintiff can celebrate Passover with religious meals at his prison, and he has failed to show a substantial likelihood of success on the merits of his RLUIPA claim.

## Facts

As an inmate who practices the Jewish faith, Plaintiff believes that he must eat Kosher meat on religious holidays such as Passover. Plaintiff complains that Michigan Department of Corrections (MDOC) Policy Directive 05.03.150 (first effective July 26, 2013) changed the previous religious meal policy, which included Kosher meat products, to an all vegan universal religious meal. The newest policy makes religious meals available to more prisoners.

> OO. The Department offers a vegan menu to meet the religious dietary needs of prisoners at the following facilities: Alger Correctional Facility, Baraga Correctional Facility, Carson City Correctional Facility, Central Michigan Correctional Facility, Chippewa Correctional Facility, Earnest C. Brooks Correctional Facility, Ionia Correctional Facility, Kinross Correctional Facility, Lakeland Correctional Facility, Macomb

4

>    Correctional Facility, Muskegon Correctional Facility, Newberry Correctional Facility, Oaks Correctional Facility, Parnall Correctional Facility, St. Louis Correctional Facility, Women's Huron Valley Correctional Facility. The Vegan menu shall comply with Kosher and Halal religious tenets. A prisoner who believes the Vegan menu does not meet his/her religious dietary needs may request an alternative menu. An alternative menu will be developed and provided only with approval of the Deputy Director and only if it is determined that the Vegan menu does not meet the religious dietary needs of the prisoner. All religious menus shall meet the minimum nutritional standards set forth in PD 04.07.100 "Offender Meals." The Deputy Director or designee shall determine at which facilities religious meals will be offered.

(MDOC Policy Directive 05.03.150) (effective July 26, 2018). Defendants assert that Plaintiff will not suffer irreparable harm if Kosher meat is not provided in meals served to Plaintiff during Passover because Kosher meat is available for purchase from the prison store. Defendants explain that Plaintiff is employed as a unit porter and earns enough to purchase Kosher meat from the prison store.[2] Defendants argue that Plaintiff is not likely to succeed on the merits of his claim because the vegan meal meets his religious dietary needs and complies with the tenets of his religious beliefs. Defendants state that Plaintiff can request an alternative religious meal if the vegan meal fails to satisfy his religious beliefs.

## Injunctive Relief Standard

Preliminary injunctions are "one of the most drastic tools in the arsenal of judicial remedies." *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001) (quoting *Hanson Trust PLC v. ML SCM Acquisition Inc.*, 781 F.2d 264, 273 (2d Cir. 1986)).

---

[2] In addition, Defendants argue that any money Plaintiff's family sends can be used to purchase Kosher foods such as meat.

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Ne. Ohio Coal. v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000). In exercising that discretion, a court must consider whether plaintiff has established the following elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Id.* These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ne. Ohio Coal.*, 467 F.3d at 1009. Moreover, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984). The party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978).

### RLUIPA Standard

The Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a), provides that "[n]o government shall impose a substantial

burden on the religious exercise of a person residing in or confined to [a prison] . . . unless the government demonstrates that imposition of the burden on that person: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." *Id.* In addition, Congress enacted RLUIPA, in part, to expand the protections afforded to a person's religious beliefs. *Holt v. Hobbs*, 135 S.Ct. 853, 859 (2015) ("Congress enacted RLUIPA and its sister statute, the Religious Freedom Restoration Act of 1993 (RFRA), 42 U.S.C. § 2000bb et seq., "in order to provide very broad protection for religious liberty.") (quoting *Burwell v. Hobby Lobby Stores, Inc.,* 134 S.Ct. 2751, 2760 (2014).

The term "religious exercise" "includes any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7). While this definition of religious exercise is broad, it does require that Plaintiff's religious beliefs be "sincerely held." *Episcopal Student Foundation v. City of Ann Arbor*, 341 F. Supp. 2d 691, 700 (E.D. Mich. 2004) (citation omitted); *Lovelace v. Lee*, 472 F.3d 174, 187 n.2 (4th Cir. 2006) (citations omitted). Likewise, the Supreme Court has indicated that "a prisoner's request for an accommodation must be sincerely based on a religious belief and not some other motivation." *Hobbs*, 135 S.Ct. at 862. However, prison officials may not inquire into whether a particular belief or practice is "central" to a prisoner's religion. *Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005) (recognizing that "the truth of a belief is not open to question, rather the question is whether the objector's beliefs are truly held"); *Colvin v. Caruso*, 605 F.3d

7

282, 298 (6th Cir. 2010) (holding that the "touchstone for determining whether a religious belief is entitled to free-exercise protection is an assessment of 'whether the beliefs professed . . . are *sincerely held*,' not whether 'the belief is accurate or logical.'").

While the phrase "substantial burden" is not defined in RLUIPA, courts have concluded that a burden is substantial where it forces an individual to choose between the tenets of his religion and foregoing governmental benefits or places "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 733-34 (6th Cir. 2007) (citations omitted); *Cutter*, 544 U.S. at 720 (recognizing that RLUIPA's institutionalized persons provision was intended to alleviate only "exceptional" burdens on religious exercise); *Marshall v. Frank*, 2007 WL 1556872 at *5 (W.D. Wis. May 24, 2007) (quoting *Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 761 (7th Cir. 2003)) (a substantial burden is one which renders religious exercise "effectively impracticable"); *Haight v. Thompson*, 763 F.3d 554, 559-60 (6th Cir. 2014) (finding a triable issue of fact over whether RLUIPA gives the inmates a right to have access to a sweat lodge for faith-based ceremonies, and whether RLUIPA gives the inmates a right to buffalo meat and other traditional foods for a faith-based once-a-year powwow). Similarly, if a policy requires a petitioner to "engage in conduct that seriously violates [his] religious beliefs" or face disciplinary action, then the burden is substantial. *Hobbs*, 135 S. Ct. at 862.

By the same token, a burden is less than "substantial" where it imposes merely an "inconvenience on religious exercise," *Konikov v. Orange County, Florida*, 410

F.3d 1317, 1323 (11th Cir. 2005), or does not "pressure the individual to violate his or her religious beliefs." *Living Water Church of God*, 258 F. App'x at 734. Such conclusions recognize that RLUIPA was not intended to create a cause of action in response to every decision which serves to inhibit or constrain religious exercise, as such would render meaningless the word "substantial." *Civil Liberties for Urban Believers*, 342 F.3d at 761.

### Likelihood of Success on the Merits

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989).

Plaintiff has asserted that his religious beliefs require meat during Passover. Whether the denial of meat violates Plaintiff's rights under RLUIPA is not settled.[3] Although, the vegan meal complies with Plaintiff's religious beliefs, he desires meat during Passover. Plaintiff maintains that his sincerely held religious belief requires him to eat meat during religious holidays. Nevertheless, the prison has a legitimate interest in avoiding tailoring each prisoner's diet to his liking or interest. *Salaam v.*

---

[3] Plaintiff is a class member in a class action lawsuit pending before the Eastern District of Michigan. *Ackerman v. Washington*, No. 13-14137 (Joint Final Pretrial Order, ECF No. 181, PageID.1974.) (One of the issues for trial is whether Jewish prisoners are substantially burdened in their religious practice when they are forced to purchase Kosher meat or dairy at the prison store.) In that case, two similar TRO and preliminary injunction motions were denied. (ECF No. 60, 61.)

*Corr. Corp. of Am.*, 21 F. App'x 258, 260-61 (6th Cir. 2001) (concluding that a vegetarian diet was a reasonable accommodation and fully complied with the prisoner's religious beliefs). The vegan diet conforms to Plaintiff's religious beliefs, and if that is not the case, Plaintiff can request an alternative meal to comply with his beliefs (MDOC Policy Directive 05.03.150 ¶OO) or purchase Kosher foods such as meat and dairy products at the prison store. Although Plaintiff may establish that a genuine issue of material fact exists regarding his Kosher meat claim under RLUIPA, that is different standard than establishing a strong likelihood of success on the merits of his claim. Plaintiff has not met that standard for purposes of preliminary injunctive relief.

## Remaining Factors

A plaintiff's harm from the denial of a preliminary injunction is irreparable only if it is not fully compensable by monetary damages. *Overstreet*, 305 F.3d at 578. Plaintiff has failed to assert factors that establish that he will suffer irreparable harm in the absence of an injunction. Plaintiff will already receive religious meals during Passover that comply with his beliefs. Plaintiff has the opportunity to purchase kosher meat from the prison store if he feels that it is necessary to add meat products to his religious meals.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts

in the administration of state prison matters is necessarily disruptive.  The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights.  *Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988).  That showing has not been made here.

## Recommendation

Therefore, it is recommended that the Court deny Plaintiff's motion for a preliminary injunction. (ECF No. 159.)[4]

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  April 8, 2019                                    /s/ *Maarten Vermaat*
                                                          Maarten Vermaat
                                                          U.S. MAGISTRATE JUDGE

---

[4] Defendants motion to dismiss or in the alternative motion to stay (ECF No. 162) will be addressed in a separate R&R.