UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHNNY D. ORUM #417988,

    Plaintiff,

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.
\_\_\_\_/

Case No. 2:16-cv-00109

Hon. Gordon J. Quist
U.S. District Judge

## REPORT AND RECOMMENDATION

Plaintiff prisoner Johnny D. Orum filed this civil rights action pursuant to 42 U.S.C. § 1983. On February 20, 2019, Defendants filed a motion to dismiss or, in the alternative, to stay the case. (ECF No. 162.) On March 4, 2019, Plaintiff filed a response. (ECF No. 165.) Plaintiff is currently confined in the Carson City Correctional Facility.[1]

As an inmate who practices the Jewish faith, Plaintiff believes that he must eat Kosher fish or meat on the Sabbath and meat on Jewish holidays. Plaintiff complains that Michigan Department of Corrections (MDOC) Policy Directive 05.03.150 (first effective July 26, 2013, and revised July 26, 2018) changed the previous religious meal policy, which included Kosher meat products, to an all vegan

---

[1] Plaintiff's complaint describes events which occurred at the Chippewa Correctional Facility (URF). Plaintiff was confined at URF at the time he filed this complaint.

universal religious meal. Plaintiff asserts that his requests for an alternative Kosher diet that would include fish and meat have been denied. Plaintiff filed grievances against Defendants for denying him a Kosher diet with fish and meat. Plaintiff alleges that Defendants Osborn, Bergeron, and Perry terminated his employment in retaliation for the grievances that he had filed.

The undersigned respectfully recommends that the Court deny Defendants' motion to dismiss the case, and grant Defendants' motion to stay the case pending the outcome of the class action lawsuit in *Ackerman v. Washington*, Case No. 4:13-cv-14137 (E.D. Mich.) which is scheduled for trial in September of 2019. The disposition in *Ackerman*, will impact the outcome of Plaintiff's religious meal claim.

**Procedural history**

On May 9, 2016, Plaintiff filed this complaint against Defendants Michigan Department of Corrections (MDOC), MDOC Director Heidi Washington, MDOC Deputy Director Kenneth McKee, Special Activities Coordinator David Leach, Warden Jeffrey Woods, Chaplain David Rink, ARUS Arthur Derry, Prison Counselor Jennifer Metro, Classification Director T. Corey-Spiker, Corrections Officer Osborn, Corrections Officer Bergeron, Corrections Officer Perry, and Trinity Services Group Steward Sanderson. Plaintiff alleged that Defendants violated his rights under the Religious Land Use and Institutionalized Persons Act, (RLUIPA), 42 U.S.C. § 2000cc-1 (2003), and the First and Fourteenth Amendments. Plaintiff complained that the universal vegan religious meal implemented by the MDOC in July of 2013, denied him meat during religious holidays. Plaintiff alleged that he has filed many

grievances regarding the denial of his request for religious meals and that Defendants have taken retaliatory actions against him. More Specifically, Plaintiff complained that Defendants Osborn and Bergeron retaliated against him for filing grievances by having Defendant Perry terminate Plaintiff from his job assignment.

On October 28, 2016, this Court issued an opinion dismissing Plaintiff's claims against Defendants MDOC, Washington, McKee, Corey-Spiker, and Sanderson. The Court, however, allowed Plaintiff's First Amendment free exercise and retaliation claims, Fourteenth Amendment equal protection and due process claims, and RLUIPA claims to proceed against Defendants Leach, Woods, Rink, Derry, Metro, Osborn, and Bergeron relating to Plaintiff's right to a religious diet.  In addition, the Court allowed Plaintiff to proceed on his retaliation claim that Defendants Osborn and Perry removed him from his prison job.  (ECF Nos. 17, 18.)

In February of 2017, Plaintiff filed a motion for a preliminary injunction asking this Court to order Defendants to provide him with meat and fish with his Kosher meals.  (ECF Nos. 35, 36.)   The same month, Defendants filed a motion for partial summary judgment asserting that Plaintiff had not exhausted his administrative remedies against some of the Defendants.  (ECF Nos. 39, 40.)   On May 8, 2017, U.S. Magistrate Judge Timothy P. Greeley issued an R&R that addressed both of these motions.  Judge Greeley recommended denial of both motions. (ECF No. 76.)   This Court adopted the R&R on August 8, 2017.   (ECF No. 100.)

In April of 2018, Defendants filed another motion for summary judgment. (ECF Nos. 126, 127.)   The next month, Plaintiff filed another motion for a

preliminary injunction, again asking the Court to order the Defendants to provide him with Kosher meat meals. (ECF No. 133.) On December 11, 2018, Judge Greeley issued an R&R that addressed these motions and several others. (ECF No. 155.) The R&R recommended dismissal of Plaintiff's due process claims, denial of the summary judgment motion on Plaintiff's RLUIPA, First Amendment, and Fourteenth Amendment claims, and denial of Plaintiff's requests for a preliminary injunction.

On March 12, 2019, this Court adopted in part and rejected in part the R&R. (ECF No. 168.) The Court dismissed Plaintiff's First Amendment free exercise and Fourteenth Amendment equal protection and due process claims. In addition, the Court dismissed Plaintiff's First Amendment retaliation claims against Defendants Leach, Woods, Rink, Derry, and Metro, and denied Plaintiff's motion for a preliminary injunction and motion for a TRO. On May 10, 2019, this Court denied Plaintiff's motion for a preliminary injunction. (ECF No. 175.) Plaintiff's motion for reconsideration was denied on May 16, 2019. (ECF No. 176.)

Plaintiff's remaining claims are: (1) his RLUIPA claim against Defendants Leach, Woods, Rink, Derry, Metro, Osborn, and Bergeron, and (2) his First Amendment retaliation claim against Defendants Osborn, Bergeron, and Perry. (PageID.1230.)

## Analysis

Defendants move to dismiss or alternatively to stay this case pending the resolution of the class action lawsuit in the Eastern District of Michigan, *Ackerman*

*v. Washington*, Case No. 4:13-cv-14137.  *Ackerman*, as in this case, involves the MDOC vegan universal religious meal policy and Jewish prisoners who claim that their sincerely held religious beliefs require Kosher fish, meat, and dairy.  The *Ackerman* lawsuit alleges that the MDOC improperly prepares Kosher food.  RLUIPA claims regarding the denial of meat on the Sabbath and Jewish holidays and dairy on the Shavout were reinstated by the court on September 6, 2018.  (Opinion and Order Granting Plaintiff's Rule 54(b) motion, ECF No. 159, E.D. Mich.).  The court certified the class as:

> All Jewish individuals confined with the Michigan Department of Corrections who are designated by the prison system to receive kosher meals.

(Opinion and Order Granting Plaintiff's Motion for Class Certification, ECF No. 157, E.D. Mich.).  The court waived notice to class members on October 31, 2018.  (Order Granting Plaintiff's Motion for Waiver of Notice to Class Members, ECF No. 165, E.D. Mich.).

The issues for trial include: (1) whether Kosher certification is require for MDOC kitchens, and whether recertification is required, (2) whether the Macomb Correctional Facility kitchen (considered as the representative for all of the MDOC religious diet kitchens) complies with Kosher rules, (3) whether requiring prisoners to purchase Kosher meat and/or dairy items from the prison store sufficiently accommodates Jewish prisoners' sincerely held beliefs, and (4) whether the MDOC's standard vegan religious meals comply with Kosher requirements. (Joint Final Pretrial Order, Feb. 26, 2019, ECF No. 181, E.D. Mich.).

Defendants argue that because Plaintiff makes identical claims regarding the lack of Kosher meat in his religious meals during the Sabbath and religious holidays, dismissal is required or, alternatively, that the Court enter a stay until the class action lawsuit is resolved. Plaintiff argues that the class action lawsuit will not resolve his retaliation claim and he never received notice that he is a potential class member with an opportunity to opt out of the class. Plaintiff argues that Defendants' alternative request for a stay should be denied because Defendants have failed to support their request to stay this action.

A court has the inherent authority to dismiss a plaintiff's subsequent repetitious cause of action as frivolous in order to maintain the Court docket and to promote judicial order. *Cummings v. Mason*, No. 1:11-cv-649, 2011 WL 2745937 (W.D. Mich. July 13, 2011). This Court explained:

> Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. Cal. Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953-54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991). In addition, courts have held that an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be dismissed under 28 U.S.C. § 1915(e)(2)(i) as frivolous or malicious. *See, e.g. McWilliams v. State of Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (holding that repetitious

> litigation of virtually identical causes of action may be dismissed under the *in forma pauperis* statute as frivolous or malicious); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that an action may be dismissed as frivolous under 28 U.S.C. § 1915 when the complaint "merely repeats pending or previously litigated claims); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (finding that it is "malicious" for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff).
>
> A complaint is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although complaints may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint. *See, e.g. Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case). Given the similarities between the parties, legal claims, factual allegations, temporal circumstances and relief sought, in the present complaint and the complaint in *Cummings v. Ventocilla*, Case No. 1:11-cv-365, the present complaint must be considered duplicative. The complaint therefore is frivolous.

*Id.* at *1-2.

In the opinion of the undersigned, dismissal of this case is not appropriate. It is recognized that Plaintiff has filed retaliation claims that will not be resolved in the *Ackerman* case. Plaintiff has also pointed out that the trial in the *Ackerman* case has previously been adjourned. A new assistant attorney general is representing Defendants and settlement discussions are ongoing. Under these circumstances, it is recommended that the Court decline to dismiss this action based upon Plaintiff's class membership in the *Ackerman* litigation.

However, because the *Ackerman* litigation will impact all Jewish prisoners who eat Kosher meals within the MDOC, staying this case until *Ackerman* is resolved is appropriate. This Court "has broad discretion to stay proceedings as an incident to

its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014) (quoting *Ohio Envtl. Council v. U.S. Dist. Court*, 565 F.2d 393, 396 (6th Cir. 1977)). Because the *Ackerman* case will directly impact the outcome in this proceeding, it is recommended that the Court stay this case.

### Recommendation

I respectfully recommend that the Court DENY Defendants' motion to dismiss this case, and GRANT Defendants' motion to stay this case.

If the Court accepts this recommendation, this case should be stayed until the *Ackerman* litigation in the Eastern District of Michigan is resolved. The October 2019, trial in this case should be adjourned. If the September trial in the *Ackerman* case is adjourned, the Court can consider lifting the stay and rescheduling this matter for trial.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections

constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated: June 12, 2019                                                  /s/ *Maarten Vermaat*
                                                                             MAARTEN VERMAAT
                                                                             U. S. MAGISTRATE JUDGE