UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHNNY D. ORUM, #417988,

    Plaintiff,

Case No. 2:16-CV-109

v.

HON. GORDON J. QUIST

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.
_____/

# ORDER ADOPTING
# REPORT AND RECOMMENDATION

Plaintiff, Johnny Orum, a prisoner incarcerated with the Michigan Department of Corrections (MDOC), filed a complaint against several MDOC employees alleging claims under 42 U.S.C. § 1983. Following an initial screening opinion and a series of motions for summary judgment, Plaintiff's remaining claims are: (1) his Religious Land Use and Institutionalized Persons Act (RLUIPA) claim against Defendants Leach, Woods, Rink, Derry, Metro, Osborn, and Bergeron; and (2) his First Amendment retaliation claim against Defendants Osborn, Bergeron, and Perry.

On February 20, 2019, Defendants filed a motion to dismiss or, in the alternative, motion to stay (ECF No. 162), arguing that the Court should either dismiss or stay Orum's claims in light of *Ackerman v. Washington*, Case No. 4:13-cv-14137 (E.D. Mich.), a prisoner class action lawsuit pending in the Eastern District of Michigan. Defendants argued that Orum is a member of the class certified in *Ackerman*, and at least one of the issues for trial in *Ackerman* overlaps with Orum's RLUIPA claim. On June 12, 2019, Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R & R) (ECF No. 180) recommending that the Court deny Defendants' motion

with regard to their request for dismissal, but grant the alternative portion of their motion seeking a stay of the instant case pending a resolution of the *Ackerman* case. (*Id.* at PageID.1283–84.) In particular, the magistrate judge found that dismissal would not be appropriate because *Ackerman* would not resolve Orum's First Amendment retaliation claim but that staying this case is appropriate because *Ackerman* will directly affect Orum's RLUIPA claim.

Orum has filed an objection to the R & R, arguing that the Court should not stay his case. (ECF No. 183.) Defendants have responded to Orum's objection, arguing that Orum fails to identify an error in the magistrate judge's recommendation. Pursuant to 28 U.S.C. § 636(b), upon receiving an objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Orum's objection, Defendants' response, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Orum first argues that staying the instant case will violate his rights under RLUIPA because a stay will subject him to a system of religious beliefs that are not consistent with his own beliefs. Orum fails to explain why this is so. The class certified in *Ackerman* includes all Jewish prisoners in the MDOC who receive Kosher meals. And, one of the issues is whether the MDOC's standard vegan religious meals comply with Kosher requirements. *Ackerman v. Washington*, No. 4:13-cv-14137, ECF No. 181 at PageID.1974. Given that Orum is Jewish and argues herein that vegan meals violate his sincerely held religious belief that he must eat Kosher fish or meat on the Sabbath and meat on Jewish holidays, a decision in *Ackerman* will directly address Orum's RLUIPA claim in this case. Because Orum is a member of the *Ackerman* class, staying the instant case will not violate RLUIPA.

with regard to their request for dismissal, but grant the alternative portion of their motion seeking a stay of the instant case pending a resolution of the *Ackerman* case. (*Id.* at PageID.1283–84.) In particular, the magistrate judge found that dismissal would not be appropriate because *Ackerman* would not resolve Orum's First Amendment retaliation claim but that staying this case is appropriate because *Ackerman* will directly affect Orum's RLUIPA claim.

Orum has filed an objection to the R & R, arguing that the Court should not stay his case. (ECF No. 183.) Defendants have responded to Orum's objection, arguing that Orum fails to identify an error in the magistrate judge's recommendation. Pursuant to 28 U.S.C. § 636(b), upon receiving an objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Orum's objection, Defendants' response, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Orum first argues that staying the instant case will violate his rights under RLUIPA because a stay will subject him to a system of religious beliefs that are not consistent with his own beliefs. Orum fails to explain why this is so. The class certified in *Ackerman* includes all Jewish prisoners in the MDOC who receive Kosher meals. And, one of the issues is whether the MDOC's standard vegan religious meals comply with Kosher requirements. *Ackerman v. Washington*, No. 4:13-cv-14137, ECF No. 181 at PageID.1974. Given that Orum is Jewish and argues herein that vegan meals violate his sincerely held religious belief that he must eat Kosher fish or meat on the Sabbath and meat on Jewish holidays, a decision in *Ackerman* will directly address Orum's RLUIPA claim in this case. Because Orum is a member of the *Ackerman* class, staying the instant case will not violate RLUIPA.

Second, Orum argues that "if anything the Ackerman case should be stayed pending the outcome of the plaintiff's case." (ECF No. 181 at PageID.1286.) Orum argues that this is so because the RLUIPA claims in *Ackerman* were just reinstated in September 2018, and because Orum is the only Plaintiff in the instant case, it would be more efficient in terms of costs and time to proceed with the instant case. Orum's argument lacks merit for several reasons. First, this Court has no authority to stay the *Ackerman* case. Second, from an efficiency standpoint, it makes more sense to allow *Ackerman*—a class action—to proceed because it will resolve the claims of a class of individuals. Orum's lawsuit will not do so. Finally, the Court notes that *Ackerman* is set for a bench trial on September 3, 2019, and may well be decided before October 21, 2019—the current trial date in this case. Accordingly, the magistrate judge did not err in recommending that the instant case be stayed pending a decision in *Ackerman*.

Therefore,

**IT IS HEREBY ORDERED** that the June 12, 2019, Report and Recommendation (ECF No. 180) is **APPROVED AND ADOPTED** as the Opinion of the Court. Plaintiff's Objection (ECF No. 181) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss or, in the Alternative, to Stay the Case (ECF No. 162) is **DENIED** with regard to the request for dismissal and **GRANTED** with regard to the request to stay. Accordingly, this case is **STAYED** pending the outcome of *Ackerman*.

Dated: August 8, 2019 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE