UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHNNY D. ORUM #417988,

    Plaintiff,

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.
_____/

Case No.   2:16-cv-00109

Hon.  Gordon J. Quist
U.S. District Judge

## REPORT AND RECOMMENDATION

### I.  Introduction

Plaintiff prisoner Johnny D. Orum filed this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is currently confined in the Carson City Correctional Facility.[1]

This matter is set for a jury trial on June 7, 2021.

As an inmate who practices the Jewish faith, Orum believes that he must eat Kosher fish **or** meat on the Sabbath (ECF No. 1, PageID.8) and meat during Passover (*id.*, PageID.10). Orum requested "an alternative religious meal menu that will provide fish **and/or** meat for all Sabbath meals and provide meat meals for all holiday meals as required by the Jewish Faith tenets and mandated by Jewish Law." (*Id.*,

---

[1] Plaintiff's complaint describes events which occurred at the Chippewa Correctional Facility (URF).  Plaintiff was confined at URF at the time he filed this complaint.

at PageID.23.) Orum complains that Michigan Department of Corrections (MDOC) Policy Directive 05.03.150 (first effective July 26, 2013, and revised July 26, 2018) changed the previous religious meal policy, which included Kosher meat products, to an all-vegan universal religious meal. Orum asserts that his requests for an alternative Kosher diet that would include fish and meat have been denied. Orum filed grievances against Defendants for denying him a Kosher diet with fish and meat. Orum also alleges that Corrections Officer (CO) Osborn, CO Bergeron, and CO Perry terminated his employment in retaliation for the grievances that he filed.

Orum's remaining claims are: (1) his Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1 (2003), claim against Special Activities Coordinator (SAC) Leach, Warden Woods, Chaplain Rink, Asst. Resident Unit Supervisor (ARUS) Derry, Prison Counselor (PC) Metro, and COs Osborn and Bergeron, and (2) his First Amendment retaliation claim against COs Osborn, Bergeron and Perry. (PageID.1230.)

On February 18, 2021, Defendants filed a motion for judgment on the pleadings as to Orum's RLUIPA claim. (ECF No. 162.) On March 7, 2021, Orum filed a response. (ECF No. 165.)

Defendants argue that Orum is now precluded under *res judicata* or claim preclusion from asserting his RLUIPA claims in this action based upon the February 27, 2020, final judgment in *Ackerman v. Washington*, E.D. Mich. Case No. 4:13-cv-14137. The Court in *Ackerman* ordered that the MDOC must provide Orum, and all class members, with Kosher meat and dairy products on Sabbath days, and on the

Jewish holidays of Rosh Hashanah, Yom Kippur, Sukkot, and Shavuot, and cheesecake on Shavuot. (*Ackerman*, ECF No. 251, PageID.2620.) In this case, Orum's complaint requested fish *or* meat on Sabbath days and meat for all Jewish holidays in accordance with the tenets of Jewish law. (ECF No. 1, PageID.23.) Pursuant to *Ackerman*, Orum now receives meat on Sabbath days and during the Jewish holidays of Rosh Hashanah, Yom Kippur, Sukkot, and Shavuot. Accordingly, Orum's only potential remaining claims under RLUIPA, are for meat meals during other Jewish holidays as required by "the Jewish Faith tenets and mandated by Jewish Law." (*Id*.) Orum may also be arguing that he should be provided fish. Orum asserted in his complaint that Sabbath days require servings of either "fish or meat" or "fish and/or meat." (ECF No. 1, PageID.8,10.) Defendants argue that Orum is precluded from re-litigating his RLUIPA claims in this case based upon the final decision in *Ackerman*.

It is respectfully recommended that the Court grant Defendants' motion and dismiss Orum's RLUIPA claim as barred under the doctrine of claim preclusion. This will result in dismissal of Leach, Woods, Rink, Derry, and Metro.

If the Court adopts this recommendation, the remaining issue for trial will be Orum's First Amendment retaliation claim against COs Osborn, Bergeron and Perry.

## II. Procedural history

On May 9, 2016, Orum filed this complaint against Defendants Michigan Department of Corrections (MDOC), MDOC Director Washington, MDOC Deputy Director McKee, SAC Leach, Warden Woods, Chaplain Rink, ARUS Derry, PC Metro,

3

Classification Director T. Corey-Spiker, CO Osborn, CO Bergeron, CO Perry, and Trinity Services Group Steward Sanderson. Orum alleged that Defendants violated his rights under the RLUIPA, and the First and Fourteenth Amendments. Orum complained that the universal vegan religious meal implemented by the MDOC in July of 2013, denied him meat during religious holidays. Orum alleged that he has filed many grievances regarding the denial of his request for religious meals and that Defendants have taken retaliatory actions against him. More specifically, Orum complained that COs Osborn and Bergeron retaliated against him for filing grievances by having CO Perry terminate Orum from his job assignment.

On October 28, 2016, this Court issued an opinion dismissing Orum's claims against the MDOC, Washington, McKee, Corey-Spiker, and Sanderson. The Court, however, allowed Orum's First Amendment free exercise and retaliation claims, Fourteenth Amendment equal protection and due process claims, and RLUIPA claims to proceed against Leach, Woods, Rink, Derry, Metro, Osborn, and Bergeron relating to Plaintiff's right to a religious diet. In addition, the Court allowed Orum to proceed on his retaliation claim that Osborn and Perry removed him from his prison job. (ECF Nos. 17, 18.)

In February of 2017, Orum filed a motion for a preliminary injunction asking this Court to order Defendants to provide him with meat and fish with his Kosher meals. (ECF Nos. 35, 36.) The same month, Defendants filed a motion for partial summary judgment asserting that Plaintiff had not exhausted his administrative remedies against some of the Defendants. (ECF Nos. 39, 40.) On May 8, 2017, U.S.

Magistrate Judge Timothy P. Greeley issued an R&R that addressed both of these motions. Judge Greeley recommended denial of both motions. (ECF No. 76.) This Court adopted the R&R on August 8, 2017. (ECF No. 100.)

In April of 2018, Defendants filed another motion for summary judgment. (ECF Nos. 126, 127.) The next month, Orum filed another motion for a preliminary injunction, again asking the Court to order the Defendants to provide him with Kosher meat meals. (ECF No. 133.) On December 11, 2018, Judge Greeley issued an R&R that addressed these motions and several others. (ECF No. 155.) The R&R recommended dismissal of Orum's due process claims, denial of the summary judgment motion on Orum's RLUIPA, First Amendment, and Fourteenth Amendment claims, and denial of Orum's requests for a preliminary injunction.

On March 12, 2019, this Court adopted in part and rejected in part the R&R. (ECF No. 168.) The Court dismissed Orum's First Amendment free exercise and Fourteenth Amendment equal protection and due process claims. In addition, the Court dismissed Orum's First Amendment retaliation claims against Defendants Leach, Woods, Rink, Derry, and Metro, and denied Orum's motion for a preliminary injunction and motion for a TRO. On May 10, 2019, this Court denied Orum's motion for a preliminary injunction. (ECF No. 175.) Orum's motion for reconsideration was denied on May 16, 2019. (ECF No. 176.)

Defendants filed a motion to dismiss or to stay the case on February 20, 2019. On June 12, 2019, an R&R issued recommending denial of Defendants' motion to dismiss the case but granting the request to stay pending the resolution of the class

action lawsuit in *Ackerman v. Washington*, E.D. Mich. Case No. 4:13-cv-14137. *Ackerman* involved the MDOC vegan universal religious meal policy and Jewish prisoners who claimed that their sincerely held religious beliefs required Kosher fish, meat, and dairy. (ECF No. 180.) Orum is a member of the class of plaintiffs in *Ackerman*. The R&R was adopted by the Court on August 8, 2019, and this case was stayed. (ECF No. 185.)

On September 23, 2020, Orum filed a motion to lift the stay and to schedule trial. (ECF No. 191.) On September 28, 2020, the Court lifted the stay in this case (ECF No.193.) The Court entered a Case Management Order on October 30, 2020, setting this case for a jury trial on June 7, 2021. (ECF No. 196.) On February 18, 2021, Defendants filed the pending motion for judgment on the pleadings. (ECF No. 198.)

### III. Judgment on the Pleadings Standard

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." *Id.* "When ruling on a defendant's motion to dismiss on the pleadings, a district court 'must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief.'" *Kottmyer v. Maas*, 436 F3d. 684, 689 (6th Cir. 2006) (quoting *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001)).

6

### IV. *Ackerman v. Washington*, Eastern District of Michigan Case No. 4:13-cv-14137

*Ackerman*, as in this case, involved the MDOC vegan universal religious meal policy and Jewish prisoners who claim that their sincerely held religious beliefs require Kosher fish, meat, and dairy. The plaintiffs in *Ackerman* alleged that the MDOC improperly prepared Kosher food and that meat and dairy should be provided on Sabbath days and during Jewish holidays. RLUIPA claims regarding the denial of meat on the Sabbath and Jewish holidays and dairy on the Shavuot were reinstated by the court on September 6, 2018. (*Ackerman*, ECF No. 159 (Opinion and Order Granting Plaintiff's Rule 54(b) motion).) The court certified the class as:

> All Jewish individuals confined with the Michigan Department of Corrections who are designated by the prison system to receive kosher meals.

(*Ackerman*, ECF No. 157 (Opinion and Order Granting Plaintiff's Motion for Class Certification).) The court waived notice to class members on October 31, 2018. (*Ackerman*, ECF No. 165 (Order Granting Plaintiff's Motion for Waiver of Notice to Class Members).) Orum is a member of the class of prisoner plaintiffs who sued the MDOC in *Ackerman*.

On January 30, 2020, U.S. District Judge Linda V. Parker issued a decision finding that the class plaintiffs "sincerely believe their religion requires them to consume meat and dairy on the Sabbath and the holidays of Rosh Hashanah, Yom Kippur, Sukkot, and Shavuot. Plaintiffs also sincerely believe that cheesecake is imperative for the Shavuot celebration." (*Ackerman*, ECF No. 243 (Bench Opinion,

PageID.2542).)[2]   Judgment was entered on February 27, 2020.  (Judgment, ECF No. 251, E.D. Mich.).

On March 25, 2020, the defendants appealed the decision in *Ackerman* to the Sixth Circuit Court of Appeals.  (ECF No. 264, E.D. Mich.).  The Defendants challenge the findings that the plaintiffs' beliefs are sincere, that the plaintiffs were substantially burdened by the MDOC vegan meal policy designed to accommodate all religions and their ability to purchase meat and dairy products at the prison commissary, and the finding that the MDOC failed to demonstrate a compelling interest in providing a universal vegan meal to accommodate religion.  (ECF No. 199, PageID.1345.)   The appeal is pending.

**V. Does the decision in *Ackerman* preclude Orum's claim for fish or meat for all Sabbath meals and holidays?**

The doctrine of claim preclusion, sometimes referred to as *res judicata*, provides that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented.  *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994).  "Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has

---

[2] On December 2, 2019, Orum submitted a letter to the *Ackerman* Court expressing his objections because he believed that he must eat fish during each Sabbath meal.  (*Ackerman*, ECF No. 228.)   On October 30, 2020, Orum submitted a copy of a letter to the *Ackerman* Court, that he had sent to plaintiffs' counsel Daniel Manville, requesting an investigation as to why he was not receiving a meat packet for Sabbath meals.  (*Ackerman*, ECF No. 313.)

8

been litigated, because of a determination that it should have been advanced in an earlier suit." *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 77 n.1 (1984).

Claim preclusion operates to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "To establish claim preclusion, the defendants need to show (1) a final judgment on the merits in a prior action; (2) a subsequent suit between the same parties or their privies; (3) an issue in the second lawsuit that should have been raised in the first; and (4) that the claims in both lawsuits arise from the same transaction." *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015) (citation omitted).

### 1. Final judgment

First, On February 27, 2020, a final judgment on the merits was issued in *Ackerman*. The judgment provides in part:

> **(b)** Defendant shall provide the Sub-Class with kosher meat and dairy products on the Sabbath (defined as sundown on Friday until sundown on Saturday) and the Jewish holidays of Rosh Hashanah, Yom Kippur, Sukkot, and Shavuot, as those holidays are designated on the Jewish calendar.

(*Ackerman*, ECF No. 251, PageID.2620 (Judgment).)

As a class member, Orum is provided with meat on Sabbath days and during the holidays of Rosh Hashanah, Yom Kippur, Sukkot, and Shavuot.

### 2. Parties to both actions

Second, Orum is a class member in *Ackerman* and the lawsuit was against the MDOC and MDOC employees. Similarly, this lawsuit was initially filed against the MDOC and specific employees of the MDOC. The relief that Orum seeks in this case—injunctive relief—is the same relief that was available in *Ackerman* or the same relief that could be available to Orum under RLUIPA against any employee of the MDOC.

### 3. Issues litigated or that could have been asserted

Third, the judgment in *Ackerman* has already provided Orum with much of the relief requested in this case. Orum receives meat on Sabbath days and during four holidays. The only other requests that Orum made were for (1) fish and/or meat on Sabbath days; and (2) meat "for all holiday meals as required by the Jewish Faith tenets and mandated by Jewish Law." (ECF No. 1, PageID.23.) Orum's first request for fish or meat on Sabbath days has been fulfilled by the judgment requiring meat served on Sabbath days. Orum's second request has been at least partially fulfilled by the judgment requiring meat served during the holidays Rosh Hashanah, Yom Kippur, Sukkot, and Shavuot. That leaves only one potential remaining claim involving meat served on other Jewish holidays as required by Jewish tenets and Jewish law. Orum did not bring this issue to the attention of the Judge Parker in *Ackerman,* despite raising other concerns to the Court.[3] There was nothing

---

[3] On November 25, 2019, Orum sent a letter to *Ackerman* class counsel, Daniel Manville, disagreeing with a proposed settlement agreement. (*Ackerman*, ECF No. 200-1, PageID.1360.) In his letter, Orum expressed his belief that Jewish law

preventing him from raising these issues directly with the Court in *Ackerman*. As previously indicated, Orum had raised two other issues directly with the *Ackerman* Court.

### 4. The claims challenge MDOC's universal vegan meal policy

Fourth, the claims asserted in *Ackerman* and the claims that Orum asserts in this case, arose out of same transaction involving the universal vegan meal program designed for religious accommodation within the MDOC prison facilities.[4] In both lawsuits, Jewish prisoners confined at MDOC prison facilities claim entitlement to meat on Sabbath days and Jewish holidays in accordance with Jewish law.

### 5. Conclusion

In the opinion of the undersigned, Orum's RLUIPA claims are barred under the doctrine of claim of preclusion. A final decision on the merits was reached in *Ackerman* on February 27, 2020, and Orum and the Defendants – including the MDOC or its privies – were parties in both cases. The issues Orum asserts in this case were either fully considered in *Ackerman* or could have been raised in *Ackerman* because they arise out of the same conduct – providing Kosher meals to Jewish

---

required fish on the Sabbath, and dairy and meat on all other holidays. (*Id.*) Attorney Manville, sent Orum a response dated December 2, 2019, stating in part: "[T]wo Rabbis who are expert[s] in this case . . . state you are wrong. It is both of their position[s] that meat and dairy is not required . . . . You may have a preference for meat and dairy but according to the Law of Judaism there is no such requirement." (*Ackerman*, ECF No. 200-1, PageID.1359.)

[4]   It is noted that Orum's claims arose out of his incarceration at URF, but Kosher meals is an MDOC issue, and Orum continues to assert an entitlement to injunctive relief arising from this conduct at the Carson City Correctional Facility, where he is currently housed.

prisoners confined in MDOC prison facilities. Defendants have satisfied their burden of showing that Orum can prove no set of facts that could provide him any other relief on the issues presented under RLUIPA. The issues asserted have been fully litigated or could have been litigated in the *Ackerman* case and have been fully resolved. There exists no reason for this Court to revisit the *Ackerman* litigation in this case.[5]

## VI. Recommendation

It is respectfully recommended that the Court grant Defendants' motion for judgment on the pleadings (ECF No. 198) and dismiss Orum's RLUIPA claim for the following reasons:

1) The claim involving serving fish and/or meat on Sabbath days was litigated and resolved in Orum's favor in *Ackerman* by final judgment on February 27, 2020. The judgment requires all class members to be served Kosher meat on Sabbath days.

2) The claim involving serving meat on the holidays Rosh Hashanah, Yom Kippur, Sukkot, and Shavuot was litigated and resolved in Orum's favor in *Ackerman* by final judgment on February 27, 2020. The judgment requires all class members to be served meat on those four holidays.

---

[5] Ultimately, the Sixth Circuit will decide the fate of *Ackerman*. Defendants have appealed asserting that Jewish prisoners were properly accommodated by the universal vegan meal and the ability to purchase Kosher products from the prison stores. This Court will be bound by the Sixth Circuit Court of Appeals decision.

3) The claim that Orum should be served meat on all other Jewish holidays could have or should have been asserted by Orum in *Ackerman*.[6]

If the Court accepts this recommendation, Defendants Leach, Woods, Rink, Derry, and Metro will be dismissed from this case.

The remaining issue for trial will be Orum's First Amendment retaliation claim against COs Osborn, Bergeron, and Perry.

Dated: April 7, 2021         /s/ *Maarten Vermaat*
                             MAARTEN VERMAAT
                             U.S. MAGISTRATE JUDGE

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

---

[6] Orum never specifically identifies the "holidays" he asserts require meat to be served.  The actual "holidays" are not a matter of record in this case.  Defendants state that there are eight additional holidays. (ECF No. 199, PageID.1349.)